FACTUAL AND PROCEDURAL BACKGROUND 
[1]

On Oct. 26, 1998, D. Jeffrey Porturica, (“Porturica”) submitted an application to be admitted as a lay counsel/advocate under Hopi Tribal Ordinance (H.T.O.) 21, § 1.9.4. Mr. Porturica paid a practice fee of $25 on Nov. 5, 1998. On Nov. 9, Chief Judge Gary Thomas denied the application on the grounds that Porturica was a nonat-torney. Mr. Porturica asked Judge Thomas to reconsider his application after explaining that he was not seeking to be admitted as an attorney. On Nov. 10, Judge Thomas informed Mr. Porturica that the denial would stand because H.T.O. § 1.9.4 does not permit non-Hopi or non-Indians, to serve as lay counsel or advocates. That day, Mr. Porturica filed a request for a certified answer' to a question of law seeking clarification of the proper interpretation of H.T.O. § 1.9.4. The certification petition alleges that the Hopi courts have admitted other' non-Indians as lay advocates, and that the denial of Mr. Porturica’s application was motivated by personal prejudice.

OPINION

The Petitioner’s Request for Certified Question of Law is denied. The Petitioner is not a tribal, federal or state court, or tribal, federal or state administrative agency within the meaning of Hopi Ordinance 21, Chapter 1, § 1.2.8.(a). As such, we are precluded from entertaining this question.

. All facts are taken from the Request for Certified Question (Nov. 13 1998).